■ NAT SIMON, Appellant, v BARJO RESTAURANT ASSOCIATES, INC., et al., Respondents.—In an action on a contract and to recover damages for tortious interference with contractual rights, plaintiff appeals (1) from a judgment of the Supreme Court, Queens County, entered July 24, 1975, which dismissed the complaint against the individual defendants, without leave to replead, upon the granting of their motion, made pursuant to CPLR 3211 (subd [a], par 7), and (2) as limited by his brief, from so much of an

order of the same court, dated July 31, 1975, as, upon reargument of two prior orders pertaining to an oral examination of plaintiff, excluded from the examination all defendants except Barjo Associates, Inc. Plaintiff-appellant died after the taking of these appeals. At the time of oral argument, the matter was marked off the calendar. Subsequently, letters testamentary were duly issued to the executors named in appellant's will. It has been stipulated, *inter alia,* by and between the attorney for appellant and the attorneys for defendants-respondents, that the appeals be submitted by the executors on behalf of the estate to the panel of Justices before which oral argument was originally had, without further oral argument. Judgment affirmed. Appeal from the order dismissed as academic in view of the plaintiff's death. Defendants are awarded one bill of $50 costs and disbursements to cover both appeals. The facts of this case do not give rise to a cause of action against the individual defendants for tortious interference with contractual rights. Accordingly, the complaint was properly dismissed as to them. Since the appeal from the order concerns the scope of the deposition upon oral examination of appellant, his death renders that appeal academic. Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.